**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **DONALD J. SCHMIDT,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. 09-1033-WEB |
| ) | |
| **FARM CREDIT OF THE HEARTLAND,** ) | |
| **A.C.A,** ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to amend his ADEA complaint to request reinstatement and liquidated damages under 26 U.S.C. § 621 *et seq.* (Doc. 18). Defendant opposes the motion. For the reasons set forth below, the motion shall be GRANTED.

### Background

Plaintiff is 58 years old and was employed by Farm Credit for 32 years before he was terminated in May 2008. At the time of his separation, plaintiff was one of four loan officers. Plaintiff alleges that defendant discriminated against him on the basis of age because two loan officers, both thirty years of age and employed by defendant approximately one month, were retained.

**Analysis**

The standard for permitting a party to amend his complaint is well established. Without an opposing party's consent, a party may amend his pleading only by leave of the court. Fed. R. Civ. P. 15(a).[1] Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion. Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)). In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989). The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment. Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996).

Defendant opposes plaintiff's motion, arguing that the proposed amendment would be futile because Farm Credit is an "executive agency" under the ADEA and "liquidated damages" are not available against the federal government. Smith v. Russellville Production Credit Association, 777 F.2d 1544 (11th Cir. 1985)(punitive damages cannot be awarded against Production Credit Association); Wilson v. Federal Land Bank of Wichita, 1989 WL 12731 at *1 (D. Kan. Jan. 30, 1989)(J. Rogers, dismissing punitive damage claim against

---

[1] A party may amend its pleading once as a matter of course before a responsive pleading is filed. The time for amending "as a matter of course" is long past.

Federal Land Bank).[2]  However, plaintiff counters with a Seventh Circuit holding that Federal Land Bank Associations and Production Credit Associations are private employers rather than federal agencies for purposes of the ADEA.  <u>Hanna v. Federal Land Bank Association of Southern Illinois</u>, 903 F. 2d 1159 (7th Cir. 1990)(employees entitled to jury trial).  Plaintiff also argues that the Eleventh Circuit's reasoning in <u>Smith</u> is contrary to the U.S. Supreme Court's more recent analysis and holding in <u>FDIC v. Meyer</u>, 510 U.S. 471 (1994), that "sue-and-be-sued waivers are to be liberally construed."

Research reveals no controlling Tenth Circuit or Supreme Court decision directly on point concerning the remedies available in an ADEA case against defendant, an agricultural credit association.  Moreover, the Seventh and Eleventh Circuits appear to be split on the issue of whether an agricultural credit association is a "federal agency" and defendant has not addressed plaintiff's argument concerning <u>FDIC v. Meyer.</u>  Under the circumstances the court is not prepared to rule that the proposed amendment is "futile" at this time.  Because the law is unsettled in this circuit, the motion to amend shall be granted and defendant is granted leave to file an appropriate dispositive motion challenging plaintiff's claim for liquidated damages.  Proceeding in this fashion allows for a better developed record should the matter ultimately reach the Tenth Circuit.

---

[2] Judge Rogers relied on <u>Smith</u> for his ruling.  The Seventh Circuit decided <u>Hanna</u> *after* Judge Rogers ruled in the <u>Wilson</u> case.

-4-

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend (**Doc. 18**) is **GRANTED.** Plaintiff shall file and serve the amended complaint on or before **August 25, 2009.** This ruling is without prejudice to any dispositive motion by defendant concerning liquidated damages.

Dated at Wichita, Kansas this 11th day of August 2009.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge